IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,561-01






EX PARTE LATHANIEL RAUSEAN CALLIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 99-6-6133 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to ninety-nine years' imprisonment. The Thirteenth Court of Appeals affirmed his
conviction. Callis v. State, No. 13-99-00635-CR (Tex. App.--Corpus Christi 2001, pet. ref'd).

 Applicant contends, among other things, that trial counsel failed to object when a juvenile
"conviction" enhanced Applicant's sentence. Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114,
115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) in cause
number 957, Applicant was adjudicated as a juvenile and found to have engaged in delinquent
conduct; (2) Applicant's sentence was properly enhanced; (3) Applicant has other prior felony
convictions that could have enhanced his sentence; (4) counsel's conduct was deficient; and (5)
Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 21, 2013

Do not publish